IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HOMER DOUGLAS COBB, IV,              *

    Plaintiff,                   *

vs.                                  *
                           CASE NO. 4:23-cv-109 (CDL)

HON. BEN RICHARDSON, *et al.*,        *

    Defendants.                  *

O R D E R

Plaintiff, who is proceeding pro se, filed a complaint entitled "CLASS ACTION LAW SUIT COMPLAINT" and "DEMAND FOR ERROR FREE TRIAL DE-NOVO" and "PETITION FOR WRIT OF MANDAMUS QUO WARRANTO UNDER A CONSTITUIONAL CRISIS TO ISSUE A COURT ORDER FOR THE ARREST OF A FEW WELL KNOWN DEEP STATE MEMBERS" and "DEMAND TO RESET THE CONSTITUTIONAL RULE OF LAW BY USING TITLE 16 OF THE AMERICAN JURISPRUDENCE 2D, LATE LAW BOOK SECTIONS WITHIN CHAPTER 16." Compl. 1, ECF No. 1.

The Court carefully reviewed Plaintiff's Complaint, which poses questions like "Who Owns the Law?" and "Dose [sic] the Plaintiff have a Legal binding Psychological Contract with the government to fix the Party that dose [sic] not understand the Federal Constitutional Rule of Law?" and "will this Demand for the Tree of Liberty to be Water down [sic] with the Blood of The Deep State Trader's [sic] be granted?" *Id.* at 2. The Complaint also

contains various statements about Russia, the Bible, former
President Trump, Plaintiff's 1991 and 2016 felony charges, some
state legislation "to Legally Destroy all Trial and Prison
Records," Plaintiff's divorce, and how Plaintiff "and Members of
his influence Psychological Appointed Cabinet is trying to stop
the Hostile take over by Deep State."  *Id.* at 5-7.  Plaintiff
appears to seek a "Constitutional Reset" and some type of relief
from Defendant Pelkey, who allegedly played "Head Games" with
Plaintiff's "Beloved Wife."  *Id.* at 7-8.

The Complaint contains no "short and plain statement of the
grounds for the court's jurisdiction" as required by Federal Rule
of Civil Procedure 8(a)(1).  Federal courts are courts of limited
jurisdiction, and they must "inquire into subject matter
jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S.
Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).
Based on the Court's review of Plaintiff's Complaint, the Court
cannot discern any basis for federal question jurisdiction under
28 U.S.C. § 1331, for diversity jurisdiction under 28 U.S.C.
§ 1332, or for jurisdiction under a specific statutory grant.  Even
if Plaintiff had invoked federal jurisdiction, Plaintiff's
Complaint does not appear to contain any claim that has an arguable
basis in law or in fact, and it is unclear how any amendment could
cure Plaintiff's Complaint.

For these reasons, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction and because the Complaint lacks a claim that has an arguable basis in law or in fact.

IT IS SO ORDERED, this 24th day of August, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA